UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOMESTEAD FUNDING CORP., <br><br> Plaintiff, <br><br> v. <br><br> FAIRWAY INDEPENDENT MORTGAGE CORPORATION <br><br> Defendant. | Case No.: 1:22-cv-00853 (BKS/ML) <br><br> **NOTICE OF REMOVAL** <br><br> Removed from: <br><br> Supreme Court of the State of New York, Albany County, Index No.: 904554-22 |

**TO:** Clerk of the U.S. District Court for the Northern District of New York:

**PLEASE TAKE NOTICE THAT** Defendant Fairway Independent Mortgage Company ("Fairway"), hereby removes to this Court the State Court Action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446.

## INTRODUCTION

1. On June 16, 2022, Plaintiff Homestead Funding Corp. ("Homestead") filed a civil action in the Supreme Court of the State of New York, Albany County, styled as *Homestead Funding Corp. v. Fairway Independent Mortgage Corporation,* Index No. 904554-22 (the "State Court Action").

2. Both parties in this case are mortgage lenders. Homestead alleges that Fairway is liable for tortious interference by inducing a Homestead employee to breach his employment agreements to join Fairway, and enticing other Homestead employees to do the same. Compl. ¶¶ 2, 5, 16.

3. In accordance with 28 U.S.C. § 1446(a), Fairway provides a "short and plain statement of the grounds for removal."

**BASIS FOR REMOVAL**

**I.   Timeliness of Removal**

1. On August 2, 2022, Fairway received in the mail a letter dated July 27, 2022 from the Law Offices of Richard C. Miller, Jr., PLLC, addressed "To Whom It May Concern" which stated that it enclosed a summons and complaint respecting a matter filed in New York State Supreme Court styled as *Homestead Funding Corp. v. Fairway Independent Mortgage Corporation*. Declaration of Daniel McAlvanah ("McAlvanah Decl.") ¶ 3 (attached as **Exhibit A**).

2. The package mailed by Homestead on July 27, 2022 and received by Fairway at its office in Madison, Wisconsin on August 2, 2022 included a "Corrective Affidavit of Personal Service" which recited that Homestead served a summons and complaint on the Secretary of State on June 16, 2022. However, as of the date of the Homestead letter, and as of the date of filing the Notice of Removal, Fairway has not received any documents related to the State Court Action from the Secretary of State. In addition, as of the date of the Homestead letter, and as of the date of the date of the McAlvanah Declaration, Fairway has not received notification from its registered agent, Corporation Service Company ("CSC"), that documents related to the State Court Action were received at the CSC office in Albany, New York from the Secretary of State McAlvanah Decl. ¶ 4.

3. According to the New York Division of Corporations, "[t]he mailing of legal process (summons and complaints) served on the Secretary of State to entities being served has also been delayed," and accordingly, Fairway's non-receipt of process from the Secretary of State appears to be consistent with the current operations of that office.[1]

---

[1]   *See*   https://dos.ny.gov/important-updates-division-corporations-state-records-and-uniform-commercial-code (last visited August 15, 2022).

4. Because this Notice of Removal is filed within 30 days of Fairway's August 2, 2022 receipt of the summons and complaint via mail, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the **receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based") (emphasis added); *see also Boone v. Thane*, No. 07-CV-4358 SLT VVP, 2009 U.S. Dist. LEXIS 27029, at *2 (E.D.N.Y. Mar. 31, 2009) ("When service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint.") (citations and internal quotation marks omitted); *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*, No. 14-CV-6989 JPO, 2015 U.S. Dist. LEXIS 74283, at *3 (S.D.N.Y. June 8, 2015) (noting that "the weight of authority (both within the circuit and elsewhere) holds that actual receipt by the defendant (or the defendant's actual agent) starts the clock for removal" and holding that the 30-day period began when defendant's actual agent for service of process received the pleadings, and not when the pleadings were received by a statutory agent (*i.e.*, the Superintendent of Financial Services)).

5. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders received by Fairway are attached to the McAlvanah Declaration as **Exhibits A-1, A-3 and A-3**.

**II.     Venue**

6.     This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Northern District of New York embraces Albany County, New York. 28 U.S.C. § 112(a).

**III.    Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

7.     Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

*A.     The Parties are Citizens of Different States.*

8.     Corporations are deemed citizens of the state in which they are incorporated and the state in which their principal place of business is located. 28 U.S.C. § 1332(c)(1).

9.     Homestead is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 8 Airline Drive, Albany, New York. Compl. ¶ 1.

10.    Homestead alleges that Fairway is organized and existing under the laws of the State of Wisconsin with its with its principal place of business at 4750 S. Biltmore Lane, Madison, WI, 53718. Compl. ¶ 2.  Although Fairway does maintain its principal place of business in Wisconsin, Fairway is organized and existing under the laws of the State of Texas.  McAlvanah Decl. ¶ 2.

11.    Because Homestead is a citizen of New York, and Fairway is a citizen of Texas and Wisconsin, the parties are diverse.

4

### B. The Amount in Controversy Requirement is Satisfied.

12. Removal is proper if a preponderance of the evidence shows that the total amount in controversy – including the value of any nonmonetary relief – exceeds $75,000. 28 U.S.C. § 1332(c)(2)(B); *see also Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief it is well established that the amount in controversy is measured by the value of the object of the litigation" (internal quotation marks omitted)).

13. In the complaint served on Fairway, Homestead alleges a **minimum** of $400,000 in monetary damages, stemming from the loss of its employee Andrew Aiello, a "seasoned loan originator." Compl. ¶¶ 39, 43.[2] Homestead also alleges that Fairway paid Aiello a **$600,000 signing bonus**, and promised him another **$500,000 productivity-related bonus**, if he agreed to leave Homestead to join Fairway. *Id.* at ¶¶ 30, 31. Moreover, Homestead alleges that Mr. Aiello "had **over 20 years** of institutional knowledge and experience at Homestead." (emphasis added). *Id.* at ¶ 39.

14. For purposes of determining the amount in controversy in employee solicitation cases, courts look at the revenue the lost employee generated as well as competitive losses suffered from the employee's departure. *See Remede Consulting Group v. Hammer*, 2020 U.S. Dist. LEXIS 28111, at *13 (E.D.N.Y. Feb. 14, 2020) (considering revenue generated by employees to determine the amount of "business to be protected from solicitation by defendant"); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (considering sales generated by prior employees as well as alleged competitive losses suffered by employer in determining the jurisdictional threshold under 28 U.S.C. § 1332). The

---

[2] The complaint mailed to Fairway, which is included in **Exhibit A-1**, differs from the complaint that Homestead filed in the State Action (which is attached as **Exhibit B**). The version that Homestead filed in the State Action alleges a minimum of $50,000 in monetary damages, rather than the $400,000 recited in the complaint transmitted to Fairway by Homestead. As the case law cited herein establishes, the amount in controversy is satisfied regardless of whether it is examined from the perspective of the complaint mailed to Fairway or from the perspective of the complaint filed in the State Action (as the two documents contain otherwise identical allegations concerning the length of Mr. Aiello's tenure and the compensation paid to Mr. Aiello in his new position).

above allegations indicate that Mr. Aiello most likely generated substantial revenue for Homestead, and that the departure of an employee as tenured and knowledgeable as him would impair Homestead's competitive edge. Therefore, while the precise value of the loss to Homestead resulting from Mr. Aiello's departure may be a subject of expert testimony, based upon the face of the complaint, there can be no serious contention that the value of such loss is less than $75,000.

15. The complaint seeks not only monetary damages for the loss of Mr. Aiello, but also a permanent injunction enjoining Fairway from seeking to procure the breach of employment agreements of **other** Homestead loan originators. Compl. ¶ 23. This also must be considered in determining the amount in controversy because the value of injunctive relief is "measured by the extent of the impairment to be prevented by the injunction." *Maxons Restorations, Inc. v. Newman*, 292 F.Supp.2d 477, 482 (S.D.N.Y.2003).

16. Here, Homestead is seeking to prevent more of its loan originators from leaving and joining Fairway. As discussed above, Homestead alleges that due to the departure of one of its loan originators – Mr. Aiello – it has suffered at least $400,000 in damages. Thus, even assigning the injunction its lowest possible monetary value by assuming (1) the injunction would prevent only one additional employee from leaving Homestead, and (2) the average Homestead loan originator is only half as valuable as Mr. Aiello, the $75,000 amount in controversy is necessarily satisfied. *See Remede Consulting Group,* 2020 U.S. Dist. LEXIS 28111, at *13–14 (finding injunction in employee solicitation case to be worth "at an absolute minimum" the potential harm from Defendant's successful solicitation of a single additional employee, to be added to monetary damages separately alleged).

17. In reality, the value of Homestead's desired injunction would likely be much greater than preventing the loss of a single additional employee, if the allegations in the complaint are accepted. After all, Homestead alleges potential "irreparable injury" from an "orchestrated and intentional

raiding" of its employees that "threatens the very lifeblood of its existence." Compl. ¶¶ 16, 19. Homestead also maintains that Fairway has targeted its employees as a group by allegedly soliciting them to leave and join Fairway via text message. *Id.* ¶ 10. Although Fairway disputes the validity of Homestead's claims, based upon these allegations, the value of Homestead's desired injunction would be the prevention of the departure of multiple, if not many, of its employees. *See Remede Consulting Group*, 2020 U.S. Dist. LEXIS 28111, at *13 ("Plaintiff's do not have just one contract to lose, however; thus the value of the injury to be prevented [by an injunction] is not limited to a single contract" and is "more likely than not to be worth well in excess of $37,240," the value of a single contract (internal parenthesis added)).

18. Based on the forgoing, Fairway has shown by a preponderance of evidence that the value of the monetary and injunctive relief sought by Homestead in this case exceeds $75,000. Because the requirements of 28 U.S.C. § 1332 have been satisfied, this case is removable.

## **CONCLUSION**

19. Fairway will serve copies of this Notice of Removal upon counsel for Homestead and file a copy with the Clerk of the Supreme Court of the State of New York, County of Albany, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d). A copy of Fairway's Notice to State Court of Removal to Federal Court is attached hereto as **Exhibit C** (without the accompanying Exhibit 1 to the filing in the State Court Action, which consists of this Notice of Removal and all accompanying exhibits to this Notice).

20. By removing this matter, Fairway does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant Fairway respectfully gives notice that the above-captioned civil action pending in the Supreme Court of the State of New York, Albany County is removed to this Court.

Dated: New York, New York
August 17, 2022

          Respectfully submitted,

          OGLETREE, DEAKINS, NASH,
           SMOAK & STEWART, P.C.

          By: */s/ Evan B. Citron*
               Evan B. Citron
          599 Lexington Avenue, 17th Floor
          New York, New York 10022
          212.492.2500
          evan.citron@ogletree.com

          *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2022, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon counsel of record for Homestead via overnight mail at the addresses listed in the Complaint.

/s/ Evan B. Citron
Evan B. Citron