UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
HOMESTEAD FUNDING CORP.,                          :          Docket No.: 1:22-CV-853 (BKS/ML)
:
Plaintiff,                       :
:
-against-                           :
:
FAIRWAY INDEPENDENT MORTGAGE               :
CORPORATION,                                      :
:
Defendant.                       :
:
-------------------------------------------------------------------x

## STIPULATION AND ORDER FOR THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of Plaintiff Homestead Funding Corp. ("Plaintiff" or "Homestead") and Defendant Fairway Independent Mortgage Corp. ("Defendant" or "Fairway") (Plaintiff and Defendants collectively, the "Parties"), for the entry of a protective order, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either Party and their respective counsel or by any non-party in the course of discovery in the above-captioned lawsuit (the "Action") to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.      This Stipulation is being entered into to facilitate deposition testimony and the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony"), and to provide for the return of any material that is produced in discovery inadvertently.

1

2.      Either Party may designate Documents produced, or Testimony given, in connection with this action as "Confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3.      As used herein:

(a)      "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as Confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, personal information about any present or former employees of the Plaintiff and/or Defendant, or other personal information about the Plaintiff and/or Defendant, including, but not limited to, financial information or other information the disclosure of which would, in the good faith judgment of the Party designating the material as Confidential, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients, or have an adverse effect on the personal, financial, privacy, non-public and proprietary information, commercial or business reputation or interests of such Party and/or the Party's employees or agents.

(b)      "Producing Party" shall mean the Parties to this action and any third-parties producing "Confidential Information" in connection with depositions, written discovery, document production or otherwise, or the Party asserting confidentiality over such Confidential Information.

(c)      "Receiving Party" shall mean the Party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, written discovery, document production or otherwise.

4.      The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the Documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5.      Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)     Plaintiff and Defendant who have been advised of their obligations hereunder;

(b)     Counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, but only after such person agrees in writing to be bound by the terms of this Stipulation, by having such person sign an acknowledgement, attached as Exhibit A, maintained by counsel who discloses the

Confidential Information to such person.  A copy of the signed acknowledgement shall be furnished to the Party who produced the Confidential Information upon reasonable demand.

(d)     The Court and Court personnel;

(e)     An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f)     Trial and deposition witnesses, but only after such person agrees in writing to be bound by the terms of this Stipulation, by having such person sign an acknowledgement, attached as Exhibit A, maintained by counsel who discloses the Confidential Information to such person.  A copy of the signed acknowledgement shall be furnished to the Party who produced the Confidential Information upon reasonable demand; and

(g)     Any other person agreed to by the Parties and who agrees in writing to be bound by the terms of this Stipulation, by having such person sign an acknowledgement, attached as Exhibit A, maintained by counsel who discloses the Confidential Information to such person. A copy of the signed acknowledgement shall be furnished to the Party who produced the Confidential Information upon reasonable demand.

6.     Confidential Information shall be utilized by the Receiving Party only for purposes of this litigation and for no other purposes.  A Receiving Party shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

7.     In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record during the course of the deposition or within two weeks after such deposition has been transcribed.  Prior to the expiration of such two-week period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be

treated as Confidential Information. Counsel for the Parties may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

8.      Should the need arise for any of the Parties to disclose Confidential Information in any pre-trial filing, the party seeking to disclose the Confidential Information shall do so by complying with L.R. 5.3 governing sealed matters, or if asserted to be applicable, with General Order # 62 governing the filing, service and management of highly sensitive documents.  Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after first conferring with the other Party. If the Parties are unable to resolve such differences, the party seeking to disclose the Confidential Information shall do so by complying with L.R. 5.3 or General Order # 62, to the extent applicable, or by taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information.

9.      This Stipulation shall not preclude counsel for the Parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

10.      A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.   In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation.

11.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" nature, may be so designated by the Party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

12.     Any document or information that may contain Confidential Information of the Receiving Party that has been produced by a Producing Party without identification as to its "Confidential" nature, may be so designated by the Party asserting confidentiality by written notice to the undersigned counsel for the Producing Party identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

13.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this action or in any other action.

14.     This Stipulation is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15.     This Stipulation shall continue to be binding after the conclusion of this Action except that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

16.     Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.  Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and hearing exhibits.  This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.  Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party in connection with any other matters.

17.     Any inadvertent disclosure of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including, without limitation, the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production.  All copies of such document(s) shall be returned to the Producing Party or destroyed within five (5) days of such notice, regardless of whether the Receiving Party agrees with the claim of privilege and/or work-product protection, and the Receiving Party shall confirm in writing that all copies were returned or destroyed.  No Party shall be required to make a showing of inadvertence to request the return of Confidential Material subject to the attorney-client

privilege or attorney-work product protection; production of materials as to which a claim of privilege is later asserted pursuant to this provision shall be deemed inadvertent. The Producing Party shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s). No Party shall use or refer to any information contained within the document(s) at issue unless and until the Producing Party agrees or a motion to compel is granted by the Court.

18. The production by a Party of any privileged document(s) belonging to any other Party shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including, without limitation, the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided that the Party asserting privilege as to the document(s) notifies the Producing Party in writing promptly after discovery of the production of the privilege document(s). All copies of such document(s) shall be returned to the Party asserting privilege or destroyed within five (5) days of such notice. The Party asserting privilege shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s). No Party shall use or refer to any information contained within the document(s) at issue unless and until the Party asserting privilege agrees or a motion to compel is granted by the Court.

19. No subpoena may be issued to any non-party, including without limitation individuals identified by a Party as having knowledge of any facts relevant to this action, unless the subpoenaing Party gives the other Party at least seven (7) working days' notice, in order to allow the Parties to consult regarding the need for such subpoena and to allow time for the other Party to seek Court intervention with respect thereto. In the event that the Parties cannot resolve

any issue concerning the subpoena, and the contesting Party seeks Court intervention, the other Party shall refrain from issuing the subpoena until the Court issues an order with respect thereto.

20.     This Stipulation may be changed by further order of the Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information, provided that nothing herein shall be deemed to alter or amend the provisions of LR 5.3 or the provisions of General Order # 62.

21.     This Stipulation may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument.  A signed facsimile or electronic copy of the Stipulation will be deemed an original.

WHITEMAN OSTERMAN & HANNA LLP

By: _/s/ *Anna Pinchuk*
    Donald T. Kinsella
    Anna V. Pinchuk
    One Commerce Plaza
    Albany, New York 12260
    518-487-7600


Attorneys for Plaintiff

Dated: Albany, New York
      December 13, 2022

OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.


By: /s/ *Simone R. D. Francis*
    Simone R. D. Francis
    Matthew P. Gizzo
    599 Lexington Avenue, 17th Floor
    New York, New York 10022
    212-492-2500

Attorneys for Defendant


Dated: New York, New York
      December 13, 2022

SO ORDERED:

Dated: Binghamton, New York
        December 14, 2022

Honorable Miroslav Lovric
United States Magistrate Judge

**EXHIBIT A**

<u>ACKNOWLEDGMENT OF RECEIPT OF CONFIDENTIAL INFORMATION</u>

The undersigned, for and on behalf of himself/herself and his/her employees, agents and representatives, hereby acknowledges receipt of information which has been designated as "Confidential" pursuant to the terms and restrictions of the Confidentiality Stipulation (the "Stipulation") signed and entered in *Homestead Funding Corp. v. Fairway Independent Mortgage Corp.*, No. 1:22-cv-853 (BKS/ML), and that the undersigned has been given a copy of and has read and understands such Stipulation.  The undersigned agrees to abide and be bound by the Stipulation's terms and provisions.  Among other things, the undersigned understands that he/she/it shall not disclose (as defined in the Stipulation) any of such Confidential Information to any parties not covered by the Stipulation, and that such Confidential Information, including copies of any Confidential Information, is to remain in his/her/its personal custody until the undersigned has completed his/her assigned duties, whereupon such Confidential Information is to be destroyed or returned to the person or entity that provided the undersigned with such material.  The undersigned further agrees to notify any stenographic, administrative, or clerical personnel who are required to assist him/her/it of the terms of the Stipulation.  The undersigned agrees and attests to his/her understanding of this Acknowledgment and that in the event the undersigned or any of his/her agents or employees fails to abide by the terms of the Acknowledgement, the undersigned may be subject to legal action and/or other sanctions imposed for such failure.

_____
Signature


_____
Print Name and Date